08-6120-ag
Sanchez-Perez v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of January, two thousand ten.

PRESENT:
    WILFRED FEINBERG,
    ROBERT A. KATZMANN,
            *Circuit Judges*,
    T.S. ELLIS III,[*]
            *District Judge*.

---

Jose Abraham Sanchez-Perez,

    *Petitioner*,

    v.                                           08-6120-ag

Eric H. Holder, Jr.,
U.S. Attorney General,[**] *et al*.,

    *Respondents*.

---

[*] T.S. Ellis III, Senior Judge of the United States District Court for the Eastern District of Virginia, sitting by designation.

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder, Jr., is substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

FOR PETITIONER:       Jose Abraham Sanchez-Perez, *pro se*, Bronx, NY.

FOR RESPONDENTS:      Tony West, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director, Office of Immigration Litigation; Terri León-Benner, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED**, that the petition for review and motion for a stay of removal are **DENIED.**

Petitioner Jose Abraham Sanchez-Perez, a native and citizen of the Dominican Republic, seeks review of the November 14, 2008 order of the BIA denying his motion to reopen. *In re Jose Abraham Sanchez-Perez*, No. A073 510 370 (B.I.A. Nov. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

Sanchez-Perez filed his motion to reopen, challenging the BIA's affirmation of the immigration judge's ("IJ") decision denying a motion to reopen his proceedings following entry of a deportation order entered *in absentia* in 1997. Sanchez-Perez asserted that his application to adjust status should be reviewed

2

because he had not received notice of the hearing, following which the IJ entered the *in absentia* order.

The BIA denied Sanchez-Perez's motion to reopen filed on September 16, 2008, as untimely filed following the prior BIA order, entered June 11, 2008, affirming the IJ's denial of the motion to reopen the proceedings. As Sanchez-Perez filed the motion more than 90 days after the prior BIA order and provided no explanation for any delay or exception from the timing requirement, it was not an abuse of discretion for the BIA to deny the motion. *See* 8 C.F.R. § 1003.2(c)(2), (3).

Moreover, the administrative record establishes that there is no merit to Sanchez-Perez's underlying claim that he had not received notice of the hearing, thus entitling him to reopening or rescission of the *in absentia* order. The hearing notice in the record was personally served on Sanchez-Perez and his counsel at a hearing and Sanchez-Perez's affidavit confirms that he received the notice. Contrary to his argument in this Court, there is no requirement that notice be made by certified mail. *See* 8 U.S.C. § 1229(a)(2)(A) (providing that service by mail is required where "personal service is not practicable."). Because Sanchez-Perez moved to reopen his proceedings ten years after entry of the *in absentia* order, any motion to reopen or rescind was untimely given that the record clearly establishes that he had received notice of the hearing. *See* 8 U.S.C. § 1252b(c)(3) (1996) (providing, absent lack of notice, a 180-day period for

3

challenging an *in absentia* order via a motion to reopen or rescind); 8 C.F.R. 1003.2(c)(2), (3) (providing absent a relevant exception, a 90-day period for a filing a motion to reopen).

We have considered all of Sanchez-Perez's arguments and determined them to be without merit.

For the foregoing reasons, the petition for review and motion for a stay of removal are **DENIED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4